UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RICHARD ANTHONY HEMPHILL**                               **CIVIL ACTION**

**VERSUS**                                                 **NO. 14-1406**

**ST. TAMMANY PARISH DISTRICT**                            **SECTION "B"(3)**
**ATTORNEY WALTER REED, ET AL.**

**REPORT AND RECOMMENDATION**

Plaintiff, Richard Anthony Hemphill, a state inmate, filed this federal civil rights action pursuant to 42 U.S.C. § 1983. He sued the St. Tammany Parish District Attorney's Office, District Attorney Walter Reed, Assistant District Attorney Harold Bartholomew, and Assistant District Attorney Nick Noriea. Plaintiff claims that he was falsely and maliciously prosecuted in the state courts. As relief, he seeks monetary damages.

I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing the complaint,[2] the undersigned recommends that, for the following reasons, plaintiff's federal civil rights claims be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

## II. Plaintiff's Claims

In his complaint, plaintiff states his claims as follows:

> Walter Reed filed a Bill of Information on me to protect Det. Marco Lopez from false arrest suit. Nick Noriea prosecuted me vindictively for filing a civil action claim against the police. He allowed false statements by police. Even after it was proved through motions, he would not drop the charges. He lied on record and denied to hear my motions for Speedy Trial, Preliminary Examination and Motion to Quash. He lied to the jury although he knew the truth. Then dropped the charges after 16 months of incarceration.[3]

For the following reasons, those claims must be dismissed.

## A. St. Tammany Parish District Attorney's Office

Plaintiff has sued the St. Tammany Parish District Attorney's Office; however, that office is not a proper defendant. A parish district attorney's office simply is not a legal entity capable of being sued. Hudson v. City of New Orleans, 174 F.3d 677, 680 (5th Cir. 1999) ("Louisiana law does not permit a district attorney's office to be sued in its own name."); Boston v. Parish of Jefferson, Civ. Action No. 11-2565, 2011 WL 5519941, at *3 (E.D. La. Oct. 31, 2011), adopted, 2011 WL 5521185 (E.D. La. Nov. 10, 2011); McGee v. Hammond Police Department, Civ. Action No. 06-

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[3] Rec. Doc. 1, p. 5.

8136, 2006 WL 3937078, at *3 (E.D. La. Jan. 17, 2006). Accordingly, the claim against the St. Tammany Parish District Attorney's Office must be dismissed.

### B. Official-Capacity Claims against Reed, Bartholomew, and Noriea

Plaintiff clearly has not stated proper federal civil rights claims against Reed, Bartholomew, and Noriea in their official capacities. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). The United States Fifth Circuit Court of Appeals has noted:

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities. Therefore, we advert to the Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

Id. at 470.

Regarding claims against such entities, the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact for the deprivation of the rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as the moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of the official policy or custom. *The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.*

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted; emphasis added). "A plaintiff may not infer a policy merely

because harm resulted from some interaction with a governmental entity." <u>Colle v. Brazos County, Texas</u>, 981 F.2d 237, 245 (5th Cir. 1993); <u>McCloud v. Craig</u>, Civ. Action No. 09-3287, 2009 WL 2515609, at *6 (E.D. La. Aug. 17, 2009).  Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights.  <u>See, e.g.</u>, <u>Murray v. Town of Mansura</u>, 76 Fed. App'x 547, 549 (5th Cir. 2003); <u>Treece v. Louisiana</u>, 74 Fed. App'x 315, 316 (5th Cir. 2003); <u>McCloud</u>, 2009 WL 2515609, at *6.

In the instant case, plaintiff does not even allege that the purported violations here stemmed from an official policy or custom of the St. Tammany Parish District Attorney's Office, much less identify such a policy or custom.  Accordingly, any official-capacity claims against Reed, Bartholomew, and Noriea should be dismissed.

### C.  Individual-Capacity Claims Against Reed, Bartholomew, and Noriea

As to any claims against Reed, Bartholomew, and Noriea in their individual capacities, those claims are barred by absolute prosecutorial immunity.  Prosecutorial immunity protects the defendants against claims based on their "actions in initiating the prosecution and in carrying the case through the judicial process."  <u>Boyd v. Biggers</u>, 31 F.3d 279, 285 (5th Cir. 1994).  A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom."  <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 272 (1993) (quotation marks omitted).  Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently."  <u>Rykers v. Alford</u>, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted).  Accordingly, the individual-capacity claims against Reed, Bartholmew, and Noriea should be dismissed on that basis.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this fourteenth day of July, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.